# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and UNILOC LUXEMBOURG S.A., | ) ) ) | |
| Plaintiffs, | ) ) | Judge Leonard Davis |
| v. | ) ) | Case No. 6:12-cv-809-LED |
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

**DEFENDANT'S MOTION TO TRANSFER VENUE
TO THE DISTRICT OF MASSACHUSETTS PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................2

      A.      Relevant Documents And Witnesses Are Located In The District Of
            Massachusetts ..............................................................................................2

      B.      SolidWorks Has No Meaningful Connection To The Eastern District Of
            Texas And Massachusetts Is The More Convenient Forum ....................................4

III.    ARGUMENT ..........................................................................................................5

      A.      Legal Standard ............................................................................................5

      B.      This Action Could Have Been Filed In The District Of Massachusetts ................7

      C.      The Private Interest Factors Weigh Heavily In Favor Of Transfer ........................8

            (1)     Massachusetts Is A More Convenient Venue For Most Of The
                   Witnesses ..........................................................................................8

            (2)     The Majority of the Documentary Evidence is Maintained or
                   Accessible in Massachusetts ...........................................................11

            (3)     The Availability Of Compulsory Process To Secure The
                   Attendance Of Witnesses Favors Transfer .................................12

             (4)     Practical Considerations Weigh In Favor Of Transfer ..............................13

      D.      The Public Interest Factors Weigh In Favor Of Transfer ......................................13

             (1)     Massachusetts Has a Much Greater Interest in this Case .........................13

             (2)     The Court Congestion Factor Is Neutral ...................................................14

             (3)     The Familiarity Of The Forums With The Governing Law Is
                   Neutral .............................................................................................15

             (4)     The Consideration Of Conflict Of Laws Factor Is Neutral ......................15

IV.     CONCLUSION ......................................................................................................15

## I.    INTRODUCTION

Defendant Dassault Systèmes SolidWorks Corporation ("SolidWorks") respectfully moves for an order transferring this case to the District of Massachusetts under 28 U.S.C. § 1404(a).  Massachusetts is a clearly more convenient location for the parties, witnesses and evidence in this case than the Eastern District of Texas.

Uniloc alleges that SolidWorks infringes U.S. Pat. No. 5,579,222 (the "'222 Patent") by "making, using, offering for sale, selling and/or importing" SolidWorks 2012, a software product used for computer-aided design.  SolidWorks is headquartered in Massachusetts and has no physical presence in, or meaningful connection to, the Eastern District.  The bulk of the evidence relevant to the case, including documents and witnesses, are located in Massachusetts.  This includes financial documents, technical documents regarding the design and operation of the accused product, software and quality assurance engineers, sales and marketing executives, and attorneys and executives responsible for the company's intellectual property policies.

On the other hand, no convenience factors favor keeping this case in the Eastern District.  There are few, if any, meaningful connections between this action and the Eastern District.  SolidWorks has no office, or even resellers, located in the Eastern District.  In fact, Uniloc's complaint fails to identify any instances of "making, using, offering for sale, selling and/or importing" SolidWorks 2012 occurring in the Eastern District, or which are specifically targeted at the Eastern District.  Consequently, in addition to being a more convenient venue due to the proximity of relevant documents and witnesses, Massachusetts has a much stronger local interest in the resolution of this dispute than the Eastern District.  The fact that one of the plaintiffs recently relocated to this district does not change the balance of convenience factors and local interests.  As the Federal Circuit has acknowledged, "in patent infringement cases, the bulk of

the relevant evidence usually comes from the accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted).  Here, the bulk of the relevant evidence is located in Massachusetts, and the bulk of allegedly infringing activities have occurred there.

Massachusetts is without question a clearly more convenient forum for this action than the Eastern District of Texas.  Accordingly, this action should be transferred.

## II.    BACKGROUND

### A.    Relevant Documents And Witnesses Are Located In The District Of Massachusetts

SolidWorks was founded in Winchester, Massachusetts in 1993.  (Welch[1] Decl. ¶ 4). SolidWorks 2012, the accused product in this case, is a recent release of a computer-aided design software package first introduced by SolidWorks in 1995.  (*Id*).  In particular, Uniloc alleges that SolidWorks 2012 infringes by including "concurrent license administration functionality." (Compl. ¶ 12).  "Concurrent licensing" relates to the ability of a software program to obtain a license to operate by communicating with a license server.  (Welch Decl. ¶ 12).  Massachusetts has been SolidWorks' principal place of business since the company was founded, and the research, development, sales and marketing activities of the company's products have always been based in Massachusetts.  (*Id*. at ¶¶ 4-5).  Thus, most documents relevant to SolidWorks 2012 and the accused functionality are found in Massachusetts.  (*See id*. at ¶¶ 7-9, 16).

Similarly, most witnesses with knowledge of the research, development, engineering, testing, sales and marketing of SolidWorks 2012 are located in Massachusetts.  (Welch Decl. ¶¶

---

[1]   Refers to the Declaration of Richard Welch, SolidWorks' Vice President of Support Services and Operations, filed concurrently herewith.

7-9, 16-17).  In particular, SolidWorks expects to call at trial the following employees, each of which has knowledge relevant to this action[2]:

| SolidWorks Witness | Title | Relevant Knowledge | Location |
|---|---|---|---|
| Jae Lee | R&D SolidWorks, Licensing, ESD & Integration, Development Director | SolidWorks' use of concurrent licensing technologies | Waltham, MA |
| Scott Wheeler | Finance Director | Sales and finance | Waltham, MA |
| Laura Kozikowski | Director Communications | Marketing and public relations | Waltham, MA |
| Richard Welch | Vice President of Support Services and Operations | SolidWorks' use of concurrent licensing technologies | Waltham, MA |

SolidWorks also intends to call third-party witnesses to testify regarding the state of the art at the time of the alleged invention, and the validity of the '222 Patent.  The majority of these witnesses are located in or near Massachusetts.  The '222 Patent relates to a client-server arrangement for controlling access to computer programs by administering a number of software licenses.  (*See* Ex. 1).[3]  Digital Equipment Corporation ("DEC"), a now defunct computer company founded and headquartered in Massachusetts, was a pioneer in this field.  (Rdgz. Decl. ¶ 5, 7).  DEC was the second largest computer company in the world, and Massachusetts' largest employer.  (*Id*. at ¶ 5).  Out of eight prior art patents cited on the face of the '222 patent, three were assigned to DEC.  (*Id*. at ¶ 6).  A fourth prior art patent was assigned to Prime Computer, Inc., a company based in Natick, Massachusetts.  (*Id*. ¶ 8).  SolidWorks expects to find additional prior art arising from DEC and Prime Computer's work in the field of distributed software

---

[2]   Welch Decl. ¶ 17.

[3]   "Ex. _" refers to the exhibits attached to the accompanying Declaration of Carlos A. Rodriguez in Support of Defendant's Motion to Transfer to the District of Massachusetts Pursuant to 28 U.S.C. § 1404(a) ("Rdgz. Decl.").

licensing, and intends to call the inventors of the prior art patents as witnesses in this case.  (*Id*. ¶ 9).  These individuals include:[4]

| Prior Art Patent Inventor | Patent Assignee | Last Known Location |
|---|---|---|
| Antoinette F. Hershey | Prime Computer | Acton, Mass. |
| Andrew H. French | Prime Computer | Lexington, Mass. |
| Christopher P. Boire | Prime Computer | Westborough, Mass. |
| Gregory Robert | DEC | Nashua, N.H. |
| David Chase | DEC | Wellesley, Mass. |
| Ronald Schaefer | DEC | Acton, Mass. |
| Robert M. Wyman | DEC | New York, NY |

SolidWorks also intends to call the prosecuting attorney of the '222 patent as a witness. Mr. Bruce D. Sunstein currently practices in Boston, Massachusetts.  (Rdgz. Decl. ¶ 13).

### B.   SolidWorks Has No Meaningful Connection To The Eastern District Of Texas And Massachusetts Is The More Convenient Forum

SolidWorks currently has 125 independent distributors of its products throughout the country.  (Welch Decl. ¶ 10).  The overwhelming majority—95%—of SolidWorks 2012 distributions are made through independent distributors.  (*Id*.).  None of SolidWorks' distributors are located in the Eastern District.  (*Id*. at ¶ 11).  As of February 4, 2013 there were over 11,500 concurrent licensing servers installed in the United States that enabled licensing of SolidWorks 2012.[5]  (*Id*. at ¶¶ 12-14).  Of those servers, more than 5% were located in Massachusetts, while less than 0.5% were located in the Eastern District of Texas.  (*Id*. at ¶ 14).

There are two plaintiffs in this action: Uniloc Luxembourg and Uniloc USA.  The '222 patent is owned by Uniloc Luxembourg, which does not appear to have any connection to the Eastern District. (Compl. ¶ 9).  Uniloc Luxembourg is incorporated, and maintains a principal place of business in, Luxembourg.  (Compl. ¶ 2).

---

[4]  Rdgz. Decl. ¶¶ 10-12.

[5]  This includes servers that no longer administer licenses for SolidWorks 2012 but do so in the past.  Welch Decl. ¶ 13.

Uniloc USA does not own the '222 patent; it is merely an "exclusive licensee."  (Compl. ¶ 10).   Uniloc USA alleges that it is incorporated in Texas and maintains offices in Plano and Tyler, TX.  (Compl. ¶ 1).  However, as of April 2012, Uniloc USA was headquartered in Irvine, California.  (Rdgz. Decl. ¶ 15).  Uniloc claims to have transferred its headquarters to Plano, TX in April 2012, but its CEO and Chief Technologist apparently still reside and work in California. (*Id.* at ¶¶ 14-15).  As of September 13, 2012 only five employees worked full-time at Uniloc's Plano location.  (*Id.* at ¶ 15).

Moreover, prior to filing this lawsuit, Uniloc conducted business relating to the '222 patent out of its offices in California, not Texas.  For example, when it registered the assignment of the '222 patent with the U.S. Patent Office, Uniloc provided a contact address in Irvine, CA. (Rdgz. Decl. ¶ 16).   Similarly, the latest petition paper in the '222 patent file history was submitted by a Uniloc attorney located in Irvine, CA.  (*Id.* at ¶ 17).  For purposes of the '222 patent's maintenance fees, the address on record with the Patent Office corresponds to the Boston office of the Massachusetts law firm that prosecuted the patent.  (*Id.* at ¶ 18).   There is no indication in the public records that Uniloc has ever provided a Texas address to the Patent Office in connection with the '222 patent.  (*Id.* at ¶ 19).

SolidWorks is not aware of any potential witness in this action with relevant knowledge of the '222 patent residing in the Eastern District or within the subpoena power of this Court, and there is no known source of proof located here.

## III.    ARGUMENT

### A.    Legal Standard

A case should be transferred to another district if it could have been brought in that district and would be "clearly more convenient" to resolve in that district.  *In re Genentech*, 566 F.3d at 1342 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)

("*In re Volkswagen II*")).   The Court may transfer the case for "the convenience of parties and witnesses" and "in the interest of justice."   28 U.S.C. § 1404(a).   The goal of § 1404(a) is to "prevent waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."   *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation and internal quotation marks omitted).   "The underlying premise of § 1404(a) is that courts should prevent plaintiffs from abusing their privilege [of choosing venue] under § 1391 by subjecting defendants to venues that are inconvenient under the terms of § 1404(a)."   *In re Volkswagen II*, 545 F.3d at 313.

The venue transfer analysis has two main steps:   *First*, since § 1404(a) permits transfer of a case to "any other district or division where it might have been brought," the Court must determine whether the action could have been filed in the transferee forum.   *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").   *Second*, "[t]he determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight."   *Id.*   The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.   *Id.*   The public factors include:  (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law.   *Id.*

The facts relevant to the motion to transfer are those existing at the time the complaint was filed.   *See* Ex. 14, *In re EMC Corp.*, No. 13-142, slip op. at 5 (Fed. Cir. Jan. 29, 2013). The Fifth Circuit "forbids treating the plaintiff's choice of venue as a factor in the analysis of a

request to transfer." *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009).  In fact, the option of transfer specifically tempers the Plaintiff's freedom in choosing the appropriate venue. *In re Volkswagen II*, 545 F.3d at 313 ("[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statute, § 1404(a) tempers the effects of the exercise of this privilege.").  In every case, § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness" to the parties.  *Van Dusen*, 376 U.S. at 622; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

The proposed transferee forum is "clearly more convenient" where, as here, the overwhelming majority of witnesses and other evidence is concentrated in and around the transferee district, and little or no evidence is found in the transferor district.  *See, e.g.*, *In re Nintendo*, 589 F.3d at 1198 (in cases "featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer"); *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009); *In re Genentech*, 566 F.3d at 1348; *In re TS Tech USA*, 551 F.3d 1315, 1319 (Fed. Cir. 2008); Ex. 15, *Geotag Inc. v. Starbucks Corp. et al.*, No. 2:10-cv-572, slip op. at 6-7 (E.D. Tex. Jan. 14, 2013) (Schneider, J).

### B.    This Action Could Have Been Filed In The District Of Massachusetts

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *In re Volkswagen I*, 371 F.3d at 203.  In the context of a motion to transfer, the relevant inquiry is whether the party that is moving to transfer is subject to personal jurisdiction in the transferee forum.

As required by § 1404(a), this action could have been brought in the District of Massachusetts.  SolidWorks regularly conducts business, maintains facilities, and employs

personnel in Massachusetts.  In fact, SolidWorks maintains its principal place of business in Massachusetts.  (Welch Decl. ¶ 3).  Thus, this case could have been brought in Massachusetts, and the transfer analysis turns on weighing the private and public interest factors.[6]

**C.    The Private Interest Factors Weigh Heavily In Favor Of Transfer**

**(1)    Massachusetts Is A More Convenient Venue For Most Of The Witnesses**

"The convenience of the witnesses is probably the single most important factor in transfer analysis." *In re Genentech*, 566 F.3d at 1343 (citing *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)).  Because Massachusetts is more convenient for the party and non-party witnesses relevant to this case identified to date, this important factor weighs heavily in favor of transfer.  *See In re Verizon Bus. Networking Svcs. Inc. et al.*, 635 F.3d 559, 561 (Fed. Cir. Mar. 23, 2011) (granting mandamus and ordering transfer where there was a "stark contrast in convenience and fairness with regard to the identified witnesses").

(a)    Massachusetts is more convenient for non-party witnesses

SolidWorks has identified potential prior art witnesses who were affiliated with Prime Computer and Digital Equipment Corporation, now defunct companies formerly based in Massachusetts.  (Rgdz. Decl. ¶¶ 9-12).  The witnesses affiliated with DEC, a pioneer in the field of concurrent licensing, will be particularly important to determine the state of the art at the time of the alleged invention, and the existence of additional prior art references and systems that were not known to the U.S. Patent Office during prosecution of the '222 patent.  (*Id*. at ¶ 5-7). The testimony of Mr. Sunstein, the prosecuting attorney who still practices in Boston, Mass. will

---

[6]   Uniloc has filed parallel lawsuits in the Eastern District against seven other defendants asserting the same patent.  On Feb. 1, 2013 the court entered an order consolidating the parallel cases for pretrial issues, with the exception of venue.  (Dkt. No. 23).  SolidWorks has discussed this motion with defendants in the parallel cases; each defendant has stated that it does not oppose this motion to transfer.  (Rdgz. Decl. ¶¶ 21-22).

be important as well.  (*Id*. at ¶ 13).  The last known locations of five of the DEC and Prime Computer witnesses, listed in patents cited as prior art during prosecution of the '222 Patent, are in Massachusetts.  (*Id*. at ¶¶ 10-11).  Another inventor and potential third party witness is listed as residing in Nashua, New Hampshire, within the subpoena power of the Massachusetts district court.  (*Id*. at ¶ 11).  Finally, Robert Wyman, the sole inventor of two patents out of eight cited on the face of the '222 patent, was last known to reside in New York, NY.  (*Id*. at ¶ 12).  New York is, by far, much closer to Massachusetts than it is to the Eastern District.

Convenience and costs to witnesses, particularly third-party witnesses, are of particular importance in the transfer analysis.  *See Volkswagen II*, 545 F.3d at 317; *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-cv-390, 2010 WL 3855520, at *5 (E.D. Tex. Sept. 30, 2010) ("All potential material and relevant witnesses must be taken into account for the transfer analysis, irrespective of their centrality to the issues raised in a case or their likelihood of being called to testify at trial.").  The Fifth Circuit has established a "100 mile rule."  When "the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled."  *Volkswagen I*, 371 F.3d at 204-05.

Here, SolidWorks is not aware of any non-party witnesses located in the Eastern District.  Massachusetts is clearly more convenient for the non-party witnesses, and the additional distance that witnesses would have to travel to the Eastern District greatly magnifies the importance of this factor.  Accordingly, this factor weighs very heavily in favor of transfer.  Moreover, the convenience of non-party witnesses is typically "given greater weight than the convenience of party witnesses."  *On Semiconductor Corp. v. Hynix Semiconductor, Inc.*, No. 6:09-CV-390, 2010 WL 3855520, at *6 (E.D. Tex. Sept. 30, 2010) (Davis, J.).  Therefore, to the extent Uniloc

attempts to defeat this motion by alleging that one or more of its five employees in the Eastern District will be needed at trial, this factor outweighs any such consideration.

(b)   Massachusetts is more convenient for party witnesses

The accused product in this action, SolidWorks 2012, is engineered and developed in Massachusetts.  (Welch Decl. ¶¶ 7, 9, 15-16).  SolidWorks' marketing and sales operations are also headquartered in Massachusetts.  (*Id*.)  Accordingly, SolidWorks' witnesses in this action will be, primarily, employees residing in Massachusetts.  SolidWorks has already identified four knowledgeable employees that will be called as witnesses in this case for their knowledge of the design, operation, marketing and sales of the accused product.  (Welch Decl. ¶¶ 17).  Each of these witnesses lives and works in Massachusetts, and the District of Massachusetts—located more than 1,700 miles from Tyler, Texas—is a clearly more convenient forum for them.

Uniloc may claim that some of its employees working out of the Eastern District will be called as witnesses as well.  The court should be skeptical of any such claim.  The owner of the '222 patent, Uniloc Luxembourg, is headquartered in Luxembourg, not in the Eastern District.  The relevant facts for purposes of this motion are those existing at the time the complaint was filed.  Ex. 14, *In re EMC Corp.*, No. 13-142, slip op. at  5.  At that time, Uniloc had a mere five employees operating out of its Plano, TX location.  (Rdgz. Decl. ¶ 15).  The Uniloc employees who may have relevant knowledge regarding the technological evaluation of the '222 patent, and its acquisition by Uniloc, are Uniloc's CEO and its Chief Technologist—both of which are based in California, not in the Eastern District.  (*Id*. at ¶¶ 14-15).  Moreover, there is no evidence that Uniloc has conducted any business in connection with the '222 patent out of the Eastern District.  Uniloc has always provided the Patent Office with California addresses when filing papers regarding the '222 patent.  (*Id*. at ¶¶ 16-17)  And maintenance fees for the '222 patent are paid by Mr. Sunstein's firm in Boston, Massachusetts.  (*Id*. at ¶ 18).

In any case, even if the court is persuaded that at the time the complaint was filed one or two Uniloc witnesses resided in the Eastern District, it is clear that many more party witnesses reside in Massachusetts. As Massachusetts is clearly more convenient for the overwhelming majority of party witnesses, this factor weighs heavily in favor of transfer. *In re Volkswagen I*, 371 F.3d at 204–206.

### (2)   The Majority of the Documentary Evidence is Maintained or Accessible in Massachusetts

In patent infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citation omitted). As detailed above, most of the evidence relating to the accused product and its sales and marketing is originated and stored in Massachusetts. (Welch Decl. ¶¶ 15-16). In contrast, SolidWorks knows of no specific evidence concerning the accused product in this district. (*See* Welch Decl. ¶ 6). Plaintiff also has identified no evidence relating to the conception, reduction to practice, or prosecution of the '222 Patent that makes the Eastern District a convenient venue for this action. The owner of the '222 Patent is headquartered in Luxembourg. The prosecuting attorney, and most prior art witnesses, are located in Massachusetts. Thus, the parties and third-parties would face unnecessary burdens transporting their documents to the Eastern District of Texas. As this Court has recognized, "[d]espite technological advances in transportation of electronic documents, physical accessibility to sources of proof continues to be an important private interest factor." *Network Prot. Sciences, LLC v. Juniper Networks, Inc.*, No. 2:10-CV-224, 2012 WL 194382, at *3 (E.D. Tex. Jan. 23, 2012) (citing *In re Volkswagen II*, 545 F.3d at 315–16).

11

Uniloc may claim that notwithstanding the fact that Uniloc Luxembourg is the owner of the '222 patent, it has transferred relevant documents to Uniloc's location in Plano.   However, this factor favors transfer where, as here, the "bulk of the relevant evidence" comes from the defendant and is located in the transferee district.  *In re Genentech, Inc.*, 566 F.3d at 1345.  This is so even where a plaintiff has an established presence in the transferor district and has relocated "documents relevant to conception, reduction to practice, patent prosecution, licensing, and enforcement of [the asserted patent]" to the district.  Ex. 15, *GeoTag Inc. v. Starbucks Corp., et al.*, No. 2:10-cv-00572-MHS-RSP, slip op. at 4 (E.D. Tex. Jan. 14, 2013).   Accordingly, this factor heavily favors transfer.

### (3)   The Availability Of Compulsory Process To Secure The Attendance Of Witnesses Favors Transfer

"The fact that [a] transferee venue is a venue with usable subpoena power . . . weighs in favor of transfer, and not only slightly."  *In re Genentech* 566 F.3d at 1345.  The presence of absolute subpoena power over more non-party witnesses in the transferee district will "weigh the heaviest in favor of transfer."  *Promote Innovation LLC v. Bristol-Myers Squibb Co.*, No. 2:10-CV-120, 2011 WL 1399393, at *2 (E.D. Tex. Apr. 13, 2011) (Ward, J.).  A court has "absolute subpoena power" over a witness when it can compel that witness to attend depositions and trial, as is the case for witnesses within 100 miles of the courthouse.  *In re Hoffman La-Roche*, 587 F.3d at 1337–38  (citing Fed. R. Civ. P. 45(c)(3)(A)(ii)).

Here, as discussed above, the prosecuting attorney of the '222 patent and at least six witnesses with knowledge of the state of the art at the time of the invention are located within the absolute subpoena power of the District of Massachusetts.  (Rgdz. Decl. ¶¶ 9-13).  The fact that DEC, a pioneer in the field of concurrent licensing, was headquartered in Massachusetts suggests that additional local witnesses are likely to be located in the area as SolidWorks' investigation

advances.  (*Id*. at ¶¶ 5-7, 9).  SolidWorks is not aware of any third-party witnesses within the subpoena power of this court.  Accordingly, the parties will be better equipped to develop relevant evidence if this case proceeds in Massachusetts, and this factor weighs heavily in favor of transfer.  *In re Volkswagen II*, 545 F.3d at 316–317; *In re Genentech*, 566 F.3D at 1345.

### (4)    Practical Considerations Weigh In Favor Of Transfer

This case is in its infancy.  Discovery has not begun, and the parties have not exchanged initial disclosures or contentions.  The trial of this matter will be facilitated if a Court in the District of Massachusetts is allowed to manage the case from its early stages, becoming familiar with the technology prior to trial, and appointing and consulting a technical advisor as needed. Accordingly, this factor weighs in favor of transfer.

### D.    The Public Interest Factors Weigh In Favor Of Transfer

### (1)    Massachusetts Has a Much Greater Interest in this Case

This case has a strong connection to Massachusetts.  The accused product, SolidWorks 2012, is principally researched, designed, marketed, and developed in Massachusetts.  As was the case in *In re Hoffman La-Roche*, Massachusetts' interest in this case is significant because Plaintiff's allegations call into question the work and reputation of the engineers responsible for SolidWorks 2012.  587 F.3d at 1336 (finding that the proposed transferee district's "local interest in this case remains strong because the cause of action calls into question the work and reputation of several individuals residing in or near that district and who presumably conduct business in that community").  The presence of one of the plaintiffs in this action, Uniloc USA, in the Eastern District does not create a substantial local interest for the Eastern District, particularly where the owner of the patent is located in Luxembourg.  The asserted patent was granted to Alabama inventors and originally assigned to a company in Alabama.  *See* Ex. 1.  The technology was not developed in the Eastern District, and SolidWorks is not aware of any

inventor or former or current employee of the original assignee with any connection to the Eastern District.  Prior to this litigation, there is no evidence that Uniloc conducted any business relating to the '222 patent out of the Eastern District.  (Rdgz. Decl. ¶¶ 16-19).  Moreover, whether measured by number of employees or by revenues, SolidWorks has a much greater impact and local presence in Massachusetts than Uniloc has in the Eastern District.  (*See* Rdgz. Decl. ¶15; Welch Decl. ¶8).  The presence in Massachusetts of the '222 patent's prosecuting attorney and key prior art witnesses and inventors strengthens that forum's local interest.

Given the relative location of the parties and likely witnesses, and the nature of each party's business activities in their respective district of residence, Massachusetts has a much greater local interest in the resolution of this action.

### (2)    The Court Congestion Factor Is Neutral

In situations such as this one, where "several relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all of those other factors."  *In re Genentech*, 566 F.3d at 1347.  Moreover, as this Court has previously noted, court congestion is the "most speculative" factor in the transfer analysis. *Vigilos, LLC v. Sling Media, Inc.*, No. 2:11-CV-112-DF, at 10 (E.D. Tex. July 25, 2011) (quoting *Genentech*, 566 F.3d at 1347); *see also Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, No. 2:09-cv-200, 2011 WL 2937365, at *3 (E.D. Tex. July 19, 2011) ("Given the speculative nature of this factor, the Court finds it to be neutral.").  The most recent available statistics show that median time from filing to disposition in civil cases filed in the Eastern District of Texas is 9 months, compared to 8.7 months for cases filed in Massachusetts.  (Rdgz. Decl. ¶ 20).  Those statistics, for the year 2011, also show a shorter median time to trial in the Eastern District than in Massachusetts—23.9 months versus 32.3 months.  (*Id.*)  Here, however, historical "time to trial" statistics are particularly unhelpful to the analysis because those

statistics fail to take into account the fact that this District is undergoing a transitional period of significant judicial turnover, which may result in unavoidable delays in the resolution of cases. Historical statistics concerning the time to resolution of cases do not take this turnover into account. Since the 2011 statistics were generated, two judicial emergencies were declared in this district. (*Id.* at ¶ 25). The impact that the transitional period that this district has experienced will have on future trial scheduled remains to be seen. Accordingly, to the extent considered, this factor should be given neutral weight.

### (3) The Familiarity Of The Forums With The Governing Law Is Neutral

Federal patent law governs the claims at issue in this case, and no issues of state law are involved. Accordingly, this factor is neutral. *See In re TS Tech.*, 551 F.3d at 1320.

### (4) The Consideration Of Conflict Of Laws Factor Is Neutral

This is a patent infringement case, and federal patent law provides the substantive law governing the cause of action. Given the federal nature of the claims and defenses, conflict of law issues are no more likely to arise in the District of Massachusetts than in the Eastern District of Texas. Therefore, this factor is neutral. *See In re TS Tech.*, 551 F.3d at 1320.

### IV. CONCLUSION

Accordingly, Defendants respectfully request that the action be transferred to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses and in the interest of justice.

Dated: February 12, 2013        Respectfully submitted,

                               */s/ Claude Stern, with permission by*
                               *Michael E. Jones*
                                 Michael E. Jones
                                 SBN: 10929400
                                 mikejones@potterminton.com

POTTER MINTON PC
110 N College, Suite 500
Tyler, TX 75702
Telephone: (903) 597-8311

Claude Stern (pro hac vice)
claudestern@quinnemanuel.com
Evette Pennypacker (pro hac vice)
evettepennypacker@quinnemanuel.com
QUINN    EMANUEL    URQUHART    &
SULLIVAN, LLP
555 Twin Dolphin Dr., Suit 560
Redwood Shores, California 94065
Telephone: (415) 875-6600
Fax: (415) 875-6700

ATTORNEYS FOR DEFENDANT
DASSAULT SYSTÈMES SOLIDWORKS
CORPORATION.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 12, 2013.

*/s/ Michael E. Jones*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Defendant SolidWorks have complied

with the meet and confer requirement in Local Rule CV-7(h).  This motion is opposed.  The

personal conference required by Local Rule CV-7(h) was conducted on February 11, 2013 via

telephone conference between Carlos A. Rodriguez, attorney for SolidWorks, and Jaime Olin,

attorney for Uniloc.  No agreement could be reached because the parties disagreed on the merits.

Uniloc has conclusively stated that it opposes this motion, leaving an open issue for the court to

resolve.

*/s/ Michael E. Jones*

16